IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA MCKINLEY TULLIS, #280 307, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:12-CV-685-TMH |
| ) | [WO] |
| WARDEN FRANK ALBRIGHT, *et al*., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Lisa Tullis on August 7, 2012.[1] In this petition, Petitioner challenges the conviction for attempted murder entered against her by the Circuit Court for Dothan County, Alabama, on September 21, 2011. The trial court sentenced Petitioner to 27 years' imprisonment.

In their answer filed with this court on September 5, 2012, Respondents assert that Petitioner has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, Respondents maintain that Petitioner's habeas application should be dismissed without prejudice as a "mixed petition," as she presents both exhausted and

---

[1] Although the present petition was stamped "filed" in this court on August 9, 2012, the petition was signed by Petitioner on August 7, 2012. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Tullis] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers August 7, 2012 as the date of filing.

unexhausted claims. (*Doc. No. 8*.)

The court entered an order affording Petitioner an opportunity to demonstrate why her petition should not be dismissed for failure to exhaust state remedies. (*Doc. No. 9*.) Petitioner filed a response on October 2, 2012. (*Doc. No. 10*.) Upon review of the petition, Respondents' answer, and Petitioner's response, the court concludes that the instant habeas corpus action should be dismissed because Petitioner has not yet exhausted her available state court remedies with respect to some of the claims presented in her petition for habeas corpus relief. Specifically, the pleadings and documents before the court reflect that Petitioner may present her unexhausted claims to the state courts through a petition for post-conviction relief under Rule 32, Ala.R.Crim.P. Under these circumstances, the court does not deem it appropriate to rule on the merits of Petitioner's claims without first requiring that she exhaust available state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

## I. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 225(c). The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional

rights in state cases. *Castille v. Peoples,* 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy,* 455 U.S. 509, 518 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted).

Careful review of the pertinent pleadings, documents and responses recently filed in this matter convinces the undersigned that it is not appropriate for the court to rule on the merits of Petitioner's unexhausted claims without first requiring that she exhaust available state remedies.  28 U.S.C. § 2254(1)(b)(2).  Moreover, it does not appear that a stay of this case is warranted pending the outcome of the state court proceeding as there is nothing before this court which indicates the requisite "good cause for Petitioner's failure to exhaust h[er] claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).[2]

---

[2] In *Rhines*, the Supreme Court approved the use of a "stay and abeyance" procedure in certain instances where a "mixed" federal habeas corpus application contains both exhausted and unexhausted claims. 544 U.S. 269.  A "stay and abeyance should be available only in limited circumstances." *Id.* at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. . ." *Id*.  The court finds that the limited circumstances in which *Rhines* applies are not found in this case, including the fact that Petitioner has failed to demonstrate good cause for her failure to exhaust any potential grounds for relief in a timely fashion.

In light of the foregoing, the Magistrate Judge concludes that Petitioner's petition for habeas corpus relief should be dismissed without prejudice so that she can pursue those state court remedies which remain available to her.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Lisa Tullis be DISMISSED without prejudice to afford her an opportunity to exhaust all available state court remedies.

It is further

ORDERED that on or before **November 9, 2012,** the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.

1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

  DONE, this 25th day of October, 2012.

           /s/ Susan Russ Walker
           SUSAN RUSS WALKER
           CHIEF UNITED STATES MAGISTRATE JUDGE